UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -4  P 2: 49

LORETTA G. WHYTE
CLERK

| | | |
|---|---|---|
| **ROBIN FLETCHER** | * | CIVIL ACTION |
| **VERSUS** | * | NUMBER 05-2992 |
| **TRANSOCEAN OFFSHORE USA INC.** <br> **TRANSOCEAN DRILLING (U.S.A.), INC.** <br> **AND TRANSOCEAN DEEPWATER, INC.** | * | SECTION "L"(2) |

<u>ORDER & REASONS</u>

Pending before the Court is the Defendants' Motion for Appeal and Review of Magistrate Judge's Order and Ruling (Rec. Doc. 21). For the following reasons, the Magistrate Judge's Order is AFFIRMED.

**I.  BACKGROUND**

On July 18, 2005, the Plaintiff filed suit against the Defendants, Transocean Enterprise, Inc. and Transocean Deepwater, Inc., his employers, seeking to recover for neck and shoulder injuries allegedly sustained while he was working as a floorhand aboard the AMIRANTE on May 15, 2005. The Plaintiff claimed that his injuries were caused by the negligence of the Defendants and the unseaworthiness of the vessel.

On August 10, 2005, prior to the discovery conference required by Rule 26(f) of the Federal Rules of Civil Procedure, the Defendants propounded written discovery requests to the Plaintiff. On August 12, 2005, the Plaintiff propounded written discovery requests to the Defendants. In Request for Production No. 7, the Plaintiff requested any and all statements made

1

___ Fee____
___ Process____
_X_ Dktd____
_✓_ CtRmDep____
___ Doc. No.____

by him.

On August 17, 2005, the parties participated in a Rule 26(f) discovery conference. At the conference, the parties discussed the possibility and timing of taking the Plaintiff's deposition. The Plaintiff's counsel stated that the Plaintiff would not appear at a deposition until the Defendants had responded to the Plaintiff's August 12th discovery requests. At that point, for various reasons advanced by both parties, the discovery conference came to an abrupt end.

Following the discovery conference, the Defendants noticed the Plaintiff's deposition for August 26, 2005, at 9:00 a.m. The next day the Defendants filed a motion to compel with the Magistrate Judge seeking an order requiring the Plaintiff to appear for his deposition on August 26, 2005. The Plaintiff did not appear for the deposition.

On November 2, 2005, the Magistrate Judge denied the Defendants' motion to compel. Furthermore, the Magistrate Judge set forth a discovery schedule for the parties. The Magistrate Judge ordered that both sides must provide the other with written responses to the outstanding interrogatories and requests for production, together with production of all responsive non-privileged materials, including specifically but not limited to the Plaintiff's statement, by November 15, 2005.[1] In essence, the Magistrate Judge concluded that written discovery should precede oral or deposition discovery. Under the Magistrate Judge's schedule, the Plaintiff's previously made statements would be produced before the Plaintiff could be deposed.

On November 10, 2005, the Defendants filed the present motion seeking the reversal of

---

[1] The Magistrate Judge further ordered that the parties must confer in the manner contemplated by Local Rule 37.1E concerning any perceived shortcomings in the responses to each other's written discovery and file any motion to compel concerning issues that could not be resolved by November 29, 2005.

2

the Magistrate Judge's order. On November 15, 2005, the Magistrate Judge signed an order suspending his November 1st order pending the resolution of the present motion.

## II. PRESENT MOTION

The Defendants contend that Magistrate Judge erred for three reasons. First, pursuant to Rule 26(d) of the Federal Rules of Civil Procedure, the Defendants assert that the Plaintiff's discovery requests were premature and, thus, should be disregarded. Accordingly, their notice of deposition would be the only valid discovery request and, therefore, should not stand in queue behind improper discovery requests.

Second, pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, the Defendants allege that the Plaintiff's failure to appear is not excusable despite the Plaintiff's objection because the Plaintiff failed to file a protective order prior to the time of the deposition. As such, the Defendants assert that the Magistrate Judge's ruling would effectively write Rule 37(d) out of existence.

Third, the Defendants contend that the Magistrate Judge's sole focus for ordering that the outstanding interrogatories and requests for production be provided prior to the Plaintiff's deposition was the Plaintiff's previously made statement. In support of their position, the Defendants contend that the Plaintiff's discovery requests seek more than just his own statement and, as such, the Magistrate Judge's ruling was too broad. In addition, the Defendants assert that they have shown good cause to withhold their responses to the Plaintiff's discovery requests. In particular, the Defendants allege that there exists evidence that casts serious doubt on the Plaintiff's credibility and which is sufficient to allow the Defendants to depose the Plaintiff before they are required to respond to the Plaintiff's discovery requests.

3

### III.   LAW & ANALYSIS

Under Rule 72(a) of the Federal Rules of Civil Procedure, a district judge may modify or set aside any portion of a magistrate judge's order on nondispositive pretrial matters if the order is clearly erroneous or contrary to law. The Defendants assert that the Magistrate Judge's ruling was clearly erroneous and contrary to law for the three reasons previously stated.

First, the Defendants contend that the Magistrate Judge's ruling was contrary to Rule 26(d) of the Federal Rules of Civil Procedure. Rule 26(d) provides, in part: "Except . . . when authorized under these rules or by order or agreement of the parties, a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Rule 26(f) provides, in part: "the parties must, as soon as practicable and in any event at least 21 days before a scheduling conference is held or a scheduling order is due under Rule 16(b), confer . . . to develop a proposed discovery plan that indicates the parties' views and proposals . . . ."

The Defendants allege that the Plaintiff's discovery requests, which occurred on August 12, 2005, were sought prior to the Rule 26(f) conference, which was held on August 17, 2005, and, thus, must be disregarded entirely.

Rule 37(d) sets forth the remedies available to a court when a party fails to attend a deposition.[2] Rule 37(d) provides that a court "may make such orders in regard to the failure as

---

[2] The Magistrate Judge based his ruling on Rule 26(c) because no notice of the Plaintiff's deposition had been filed. Under Rule 26(c), as applied by the Magistrate Judge, the Defendant had to show "good cause" why the Plaintiff's deposition should occur prior to the written discovery. In his order, the Magistrate Judge found that the Defendants' failed to establish "good cause."
    With the current motion, the Defendants attached the notice of the Plaintiff's deposition as Exhibit No. 1. This notice complies with Rule 30 of the Federal Rules of Civil Procedure. Accordingly, Rule 37(d) of the Federal Rules of Civil Procedure, not Rule 26(c), is the applicable law.

are just." In this case, the Magistrate Judge carefully considered the facts and arguments in reaching an order that he determined was just. This Court has no reason to find that the Magistrate Judge's order was contrary to law.

Second, the Defendants contend that the Magistrate Judge's ruling effectively undermines the explicit dictates of the last sentence of Rule 37(d). The last sentence provides: "The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c)." Since the Plaintiff did not file for a protective order prior to the August 26th scheduled deposition, the Defendants contend that the Plaintiff's failure to attend cannot be excused.

In this case, the Magistrate Judge did not excuse the Plaintiff's failure to attend. Rule 37(d) expressly gives the Magistrate Judge the authority to make any order that is just. At the same time, Rule 37(d) also says a failure to attend one's deposition cannot be excused unless there is a protective order pending. The Magistrate Judge's ruling was not an excuse for the Plaintiff. Instead, it was an order that the Magistrate Judge felt was fair.

This Court acknowledges that the Magistrate Judge's order may have had a similar effect as an excuse, in that the Plaintiff was not sanctioned for his failure to attend. The Magistrate

---

Moreover, Rule 26(c) is not applicable because the Defendants were not seeking to defer the production of documents. *Willard v. Constellation Fishing Corp.*, 136 F.R.D. 28, 30 (D. Mass. 1991). Under Rule 34(b), the production of documents would not have been due until thirty days after service of the request, which was well after August 26th. As such, the Defendants were not seeking to defer discovery, which would necessitate a protective order under Rule 26, but instead were seeking to ensure that discovery went on as scheduled. In this case, however, the application of Rule 26(c) or Rule 37(d) would lead to the same result since both rules allow the court to make any order that is just.

Judge's order, however, did more than just pardon the Plaintiff's failure. The Magistrate Judge set forth a comprehensive sequence of discovery. If the Magistrate Judge had simply denied the Defendants' motion without providing any other substance, such as the discovery sequence, the Defendants' position would be much stronger. Instead, this Court finds that the Magistrate Judge's ruling was a just order, not an excuse. In addition, this Court also finds that the Magistrate Judge's order was not contrary to law.

Third, the Defendants contend that the Magistrate Judge's ruling was overly broad and that they are entitled to withhold the Plaintiff's statements until after his deposition. In regards to the overly broad issue, the Defendants provide no support for their position. The Defendants' state their position in two short sentences, but never elaborate on why the Magistrate Judge's order was clearly erroneous. Under Rule 37(d), the Magistrate Judge had broad discretion to make any order that is just. In the present case, the Magistrate Judge chose to set a sequence to the pending discovery. The Defendants have provided no support for their position that the Magistrate Judge's ruling was overly broad, let alone any support that his order, if overly broad, was also clearly erroneous.

In regards to the Plaintiff's own statement, the Defendants contend that the Magistrate Judge's order will enable the Plaintiff to tailor his deposition testimony so that it conforms to his previously recorded statements. This, the Defendants contend, will destroy the significance of the statement and prejudice the Defendants' position. Thus, the Defendants wish to withhold the previously made statement until after the Plaintiff's deposition. Conversely, the Plaintiff points out that he gave his statement at a vulnerable time without the aid of counsel to a person experienced in statement taking and that this statement, given while the Plaintiff lacked the

6

necessary legal foresight, may ruin his otherwise valid lawsuit. At the very least, the Plaintiff asserts that he should be able to review his statement prior to testifying under oath.

Rule 26(b)(3) provides: "A party may obtain without the required showing [substantial need or undue hardship] a statement concerning the action or its subject matter previously made by that party." This rule is mandatory and beyond the discretion of the district court. *Miles v. M/V Mississippi Queen*, 753 F.2d 1349, 1351 (5th Cir. 1985). Although a district court cannot prevent a party from obtaining his previously made statement, it has "some latitude" in determining the time when the statement must be produced. *Id.*

Under *Miles* and the Advisory Committee Notes to Rule 26, the decision to order a party to be deposed before his statement is produced should be decided on a case-by-case basis. This Court is of the view that the production of a party's previously recorded statement ordinarily should precede the deposition of that party. Accordingly, the party seeking to depart from the ordinary sequence must show "good cause" for the departure.[3]

"Good cause" should be determined after a review of all the relevant facts. Specifically, a court should review the following facts in reaching its decision: the experience, education, and expertise of the person taking the statement; the employment of the person taking the statement;

---

[3] In *Miles*, the Fifth Circuit held that district courts have "some latitude in determining the time when the statements must be produced . . . ." *Miles*, 753 F.2d at 1351. "Some latitude" does not amount to "complete latitude" or even "wide latitude." "Some," as used in *Miles*, is implicitly a limiting modifier, not a grant of unbridled discretion to the district court let alone a condonation of a usual and ordinary practice of allowing a party's deposition to be taken prior to the production of that party's previously made statements. *See In re Complaint of L.L.P.&D. Marine, Inc.*, No. CIV.A.97-1668, 1998 WL 113937, at *1 (E.D. La. Mar. 11, 1998); *Nelson v. Puerto Rico Marine Mgmt., Inc.*, 72 F.R.D. 637, 638 (D. Md. 1976). As such, the production of a party's previously made statements should ordinarily precede the deposition of that party. Moreover, since this is the ordinary sequence, it makes sense that the party seeking to depart from it should have the burden of showing the necessity of such a departure.

any possible motivation or bias of the person taking the statement; the experience, education, and expertise of the person giving the statement; the interest of the person giving the statement; the litigious history of the person giving the statement; the employment and employment history of the person giving the statement; the reputation of the person giving the statement; whether the person giving the statement was represented by counsel when the statement was taken; the physical and mental condition of the person at the time he gave the statement; who, if anyone else, was present when the statement was taken; where the statement was taken; when the statement was taken; the environment in which the statement was taken; and the subject matter of the statement. If, after reviewing these and all the other relevant facts, the court determines that the movant has shown "good cause" to depart from the ordinary sequence of discovery, the court should order that the deposition of the party be taken prior to the production of that party's previously made statement.

In this case, the Magistrate Judge thoroughly reviewed the Defendants' in camera submissions as well as all the other facts that were presented to the court. The Magistrate Judge acknowledged that this case was a close call by stating there was "much upon which to question plaintiff's credibility, particularly concerning the history and causation of the medical problem he attributes to the accident that is the basis of this lawsuit . . . ." This Court equally acknowledges that this case is a close call. This Court, however, is bound to review the Magistrate Judge's ruling on a clearly erroneous or contrary to law standard—not to determine if the case presented a close call. In the present case, this Court finds that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law. The Magistrate Judge performed the necessary review to determine if the Defendants had established "good cause" to depart from the ordinary discovery

sequence. After performing this review, the Magistrate Judge determined there was not "good cause." This decision was supported by law and the facts and is insufficient to warrant reversal.

## VI.     CONCLUSION

For the foregoing reasons, the Magistrate Judge's Order is AFFIRMED.

New Orleans, Louisiana, this ___3rd___ day of January, 2006.

_____<br>
United States District Judge